# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JOHN C. SKINNER, Register No. 1069523, )
)
             Plaintiff, )
)
             v. )    No. 07-4160-CV-C-NKL
)
DEBRA REED, et al., )
)
             Defendants. )

## REPORT AND RECOMMENDATION

    Plaintiff John C. Skinner, while confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

    On May 7, 2008, plaintiff was directed to provide the court with his current address. Plaintiff was warned that his failure to do so may result in his case being dismissed, pursuant to the provisions of Fed. R. Civ. P. 41(b).

    Subsequently, on May 16, 2008, defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 37(d), for plaintiff's failure to prosecute. Defendants state plaintiff did not attend his scheduled deposition and has not provided this court with his current address.

    Plaintiff's mail from this court has continued to be returned as undeliverable since April 2008. As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order." Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962),

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

and to protect the integrity of its orders, <u>Fendler v. Westgate-California Corp.</u>, 527 F.2d 1168, 1170 (9th Cir. 1975). <u>See generally</u> 15 A.L.R. Fed. 407 (1973).

Defendants' motion should be granted. Plaintiff has ignored an order of the court and has done nothing to prosecute his claims for some time. Moreover, plaintiff has offered no explanation for these failures.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed for failure to prosecute and to comply with orders of the court, pursuant to the provisions of Rules 37(d) and 41(b), Federal Rules of Civil Procedure.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

Dated this 3rd day of June, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge